810 F.2d 202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy MOORE, Petitioner-Appellant,
v.
Otie JONES, Warden, Respondent-Appellee.
 No. 86-5152.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1986.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tommy Moore's petition for writ of habeas corpus was originally filed on October 3, 1985, in the United States District Court for the Eastern District of Tennessee, alleging that his life sentence under Tennessee's Habitual Criminal Act was contrary to the eighth amendment of the United States Constitution. The United States magistrate rejected this claim and the district court affirmed the magistrate's report on January 27, 1986.
 
 
 2
 In July 1977, Tommy Moore was convicted in the Sullivan County, Tennessee, Criminal Court of either receiving and concealing stolen property or third degree burglary and of being an habitual criminal. His sentence under the terms of the Tennessee statute was enhanced to life in prison. At the time of his conviction as an habitual criminal he had seven prior convictions. His petitions for post-conviction relief challenging his sentence in the Tennessee court systems were denied.
 
 
 3
 We have reviewed this record and find that under Moreno v. Estelle, 717 F.2d 171 (5th Cir.1983), it is unnecessary to examine Moore's eighth amendment challenge to his sentence under the guidelines of Solem v. Helm, 463 U.S. 277 (1983). We agree with the district court that the claim of Tommy Moore is indistinguishable from Rummel v. Estelle, 445 U.S. 263 (1980). We believe that the Tennessee Habitual Criminal Act is constitutional and that the 1985 amendments do not affect our decision in this case.
 
 
 4
 The judgment of the district court is affirmed.